IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 09 CV 4721 |
| v. | ) ) | Judge Thomas M. Durkin |
| VANGUARD SERVICES, INC., *et al.*, | ) ) | |
| *Defendants*. | ) | |

## **MOTION TO REVIVE JUDGMENT**

**NOW COME** Plaintiffs, through their attorneys, and move this Court for revival of the Consent Judgment entered against Defendants, and in support thereof, state as follows:

1. Plaintiffs instituted this lawsuit against Defendant Vanguard Services, Inc. ("Vanguard") seeking pension and health and welfare contributions due to the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund" and together with the Pension Fund collectively referred to as the "Funds"). The lawsuit also sought withdrawal liability from all Defendants due as a result of a complete withdrawal from the Pension Fund.

2. This Court entered a Consent Judgment on August 11, 2009, as follows: (a) in favor of the Pension Fund and against Defendant Vanguard for $10,978.20 in contributions and $563.01 in interest; (b) in favor of the Health Fund and against Defendant Vanguard for $14,995.80 in contributions and $769.47 in interest; (c) in favor of the Pension Fund and against all Defendants, for $4,769,353.60 in withdrawal liability, interest and statutory damages; and (d) for post-judgment interest from the date of the judgment computed and charged on the entire judgment balance at an annualized interest rate equal to two percent

(2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged compounded annually. A copy of the Consent Judgment is attached hereto as Exhibit A.

    3.      The Consent Judgment remains unsatisfied.

    4.      Rule 69 of the Federal Rules of Civil Procedure directs that Illinois law controls the manner in which judgments entered by this Court are executed. Under 735 ILCS 5/12-108, judgments may not be enforced beyond seven (7) years after the initial entry of judgment, unless revived as provided under 735 ILCS 5/2-1601 and in accordance with 735 ILCS 5/2-1602. A judgment may be revived by filing a petition in the original case in which the judgment was entered and providing notice of the petition to interested parties. 735 ILCS 5/2-1602(b) and (c).

    5.      Plaintiffs submit this Motion as the petition contemplated by Illinois law and further submit that interested parties have been notified of this Motion as evidenced by the Certificate of Service attached hereto.

    6.      Regarding the Pension Fund's contributions portion of the Consent Judgment, the Pension Fund has collected $0.00 to date. The outstanding balance on the Pension Fund's portion of the Consent Judgment for contributions is $18,317.14 ($11,541.21 in principal and $6,775.93 in post-judgment interest calculated through August 20, 2018).

    7.      Regarding the Health Fund's portion of the Consent Judgment, the Health Fund has collected $0.00 to date. The outstanding balance on the Health Fund's portion of the Consent Judgment for contributions is $25,021.33 ($15,765.27 in principal and $9,256.06 in post-judgment interest calculated through August 20, 2018).

    8.      Regarding the Pension Fund's withdrawal liability portion of the Consent Judgment, the Pension Fund has collected $1,383,422.40 to date. The outstanding balance on the

Case: 1:09-cv-04721 Document #: 93 Filed: 09/06/18 Page 3 of 5 PageID #:2462

Pension Fund's withdrawal liability portion of the Consent Judgment is $5,894,682.80 ($4,569,353.60 in principal and $1,325,329.20 in post-judgment interest calculated through August 20, 2018).

9. At the time that the Consent Judgment was entered, the parties entered into a settlement agreement in which, *inter alia*, Vanguard granted the Funds a first position security interest in any and all contracts rights and claims Vanguard had in certain lease agreements with Vanguard's former clients, namely Bandag, Inc., Reynolds Metals, Inc., CMM Transportation, Inc., Reichhold Chemicals, Inc. and Bridgestone/Firestone, Inc. (the "Lease Agreements"). (Ex. B – Settlement Agreement, p. 6, ¶ 7.)

10. Some of the Lease Agreements contained a provision which required the former clients to indemnify for withdrawal liability. Pursuant to the settlement agreement, the Funds were given the right to seek enforcement of the indemnification provision and the right to retain all monies collected under the indemnification provision. (Ex. B – Settlement Agreement, p. 6, ¶ 7.)

11. Vanguard (operating under the name MC3, Inc.) has filed for bankruptcy protection in the Southern District of Indiana. See *In re: MC3, Inc.*, Case No. 16-6742. However, the Funds' lien on the Lease Agreements has not been removed or altered in any way by the bankruptcy.

12. On August 8, 2018, the bankruptcy court granted the Pension Fund relief from the automatic stay so that it could seek revival of the Consent Judgment against Vanguard and pursue recovery from Vanguard's former clients under the Lease Agreements. (Ex. C – Order Approving Agreed Entry and Agreed Entry Granting Relief from Stay and Allowing and Subordinate, in part, Central States' Claim.)

553940 / 09419259 / 9/6/2018     3

13. Since only Vanguard filed for bankruptcy, the automatic stay did not apply to the other Defendants.

14. Plaintiffs request that the Consent Judgment be revived in accordance with 735 ILCS 5/2-1602 against all Defendants.

15. Along with this Motion, Plaintiffs submit a draft Order Reviving Judgment, a copy of which is attached hereto as Exhibit D.

**WHEREFORE**, Plaintiffs seek revival of the Consent Judgment entered against Defendants on August 11, 2009, in accordance with the Federal Rules of Civil Procedure and 735 ILCS 5/2-1602.

Respectfully submitted,

/s/ Rebecca K. McMahon
Rebecca K. McMahon
(ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
(847) 939-2477
rmcmahon@centralstatesfunds.org

September 6, 2018

## CERTIFICATE OF SERVICE

I, Rebecca K. McMahon, one of the attorneys for the Plaintiffs, hereby certify that on September 6, 2018, I caused the foregoing *Motion to Revive Judgment* to be filed electronically. Said document was served electronically by the Court's CM/ECF system on all individuals listed on the electronic filing receipt. Said Motion was also deposited in the United States Mail at 9377 W. Higgins Road, Rosemont, Illinois 60018, with the proper prepaid postage affixed, this 6th day of September, 2018 to the following addresses:

Jon Klinghoffer
Goldberg Kohn
55 E. Monroe St., Suite 3300
Chicago, IL 60603

John Humphrey
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Respectfully submitted,

 /s/ Rebecca K. McMahon
Rebecca K. McMahon
(ARDC #06290192)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL  60018
(847) 939-2477
rmcmahon@centralstatesfunds.org

September 6, 2018